IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JOHN P. JOHNSON,<br>    Plaintiff<br><br>vs.<br><br>RAUSCH STURM, LLP, RAYMOND J. RAUSCH, WILLIAM C. STURM, SCOTT M. ISRAEL, GREGORY W. ENERSON, ROBERT HORNIK, ROBERTO J. JARAMILLO, COLIN P. BROGAN, and DISCOVER BANK,<br>    Defendants | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§   Case No. 5:21-cv-00897-JKP-HJB |

## ORIGINAL ANSWER OF DEFENDANTS
RAUSCH STURM, LLP, RAYMOND J. RAUSCH, WILLIAM C. STURM, SCOTT M. ISRAEL, GREGORY W. ENERSON, ROBERT HORNIK, ROBERTO J. JARAMILLO, and COLIN P. BROGAN

**TO THE HONORABLE UNITED STATES DISTRICT COURT:**

Rausch Sturm, LLP, Raymond J. Rausch, William C. Sturm, Scott M. Israel, Gregory W. Enerson, Robert Hornik, Roberto J. Jaramillo, and Colin P. Brogan (collectively "Defendants") hereby answer Plaintiff's First Amended Complaint and would respectfully show the following:

### NOTIFICATION OF QUESTIONNABLE OF SERVICE

None of the Defendants for whom this answer is being filed have any record of receiving the summons and complaint in this case.

### NATURE OF THE ACTION

1.  Defendants admit that this is an action for damages under the

Fair Debt Collections Practices Act, 15 U.S.C. § 1692, *et seq.* (FDCPA), the Texas Debt Collection Practices Act, Chapter 392 (TDCPA), and the Texas Business and Commerce Code, Subchapter E, Chapter 17, (DTPA). Defendants deny that they violated those statutes, and they deny that Plaintiff has suffered any damages.

2. Paragraph 2 of the Complaint is denied.

### JURISDICTION AND VENUE

3. Paragraph 3 of the Complaint is denied.

4. Paragraph 4 of the Complaint is denied. Nevertheless, Defendants do not contest venue in this matter.

### PARTIES

5. Paragraph 5 of the Complaint is admitted.

6. At this time Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 6 of the Complaint; therefore, those allegations are denied.

7. In response to Paragraph 7 of the Complaint Defendants admit that Rausch Sturm, LLP is a law firm. The remainder of paragraph 7 is denied.

8. In response to Paragraph 8 of the Complaint, Defendants admit that Raymond J. Rausch is a natural person. The remainder of Paragraph 8 is denied.

9. 8. In response to Paragraph 9 of the Complaint, Defendants admit that William C. Sturm ("Sturm") is a natural person. The remainder of

Paragraph 9 is denied.

10. In response to Paragraph 10 of the Complaint, Defendants admit that Scott M. Israel is a natural person. The remainder of Paragraph 10 is denied.

11. In response to Paragraph 11 of the Complaint, Defendants admit that Gregory W. Enerson is a natural person. The remainder of Paragraph 11 is denied.

12. In response to Paragraph 12 of the Complaint, Defendants admit that Robert Hornik is a natural person. . The remainder of Paragraph 12 is denied.

13. In response to Paragraph 13 of the Complaint, Defendants admit that Roberto J. Jaramillo is a natural person. The remainder of Paragraph 13 is denied.

14. Paragraph 14 of the Complaint is admitted.

15. Paragraph 16 of the Complaint is denied.

16. Paragraph 17 of the Complaint is denied.

**FACTUAL ALLEGATIONS**

17. In response to Paragraph 17 of the Complaint Defendants admit that Plaintiff is a natural person who is obligated to pay a debt owed to Defendant Discover Bank. The remainder of Paragraph 17 is denied.

18. Defendants deny that "Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendants", as plaintiff's obligation is to Defendant Discover bank.

6

Plaintiff knows this allegation to be false, as discover is currently suing him on his obligation. Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 18 and therefore deny those allegations.

19. Paragraph 19 of the Complaint is denied as it refers to Discover and to Defendants Rausch, Sturm, Israel, and Hornik, all of whom are retired and none of whom are engaged in the practice of debt collection. Defendants admit that Rausch Sturm, LLP regularly collects debts owed to its clients. The remainder of paragraph 19 is denied.

20. Defendants admit that Rausch Sturm, LLP send a letter to Plaintiff dated July 19, 2021, in which it attempted to collect a debt owed by Plaintiff to Discover Bank. The remainder of Paragraph 20 is denied.

21. Paragraph 21 of the Complaint is denied. Although the referenced suit was filed, Defendants have no record of receiving the alleged correspondence.

22. Paragraph 22 of the Complaint is denied

23. Paragraph 23 of the Complaint is denied.

## COUNT I

**VIOLATION OF THE FAIR DEBT COLLECTIONS PRACTICES ACT (FDCPA) 15 U.S.C. § 1692g(b) BY DEFENDANTS RAUSCH STURM, RAUSCH, STURM, ISRAEL, ENERSON, HORNIK, JARAMILLO, BROGAN AND DISCOVER**

24. Defendants incorporate by reference all of the above paragraphs of this Answer as though fully stated herein.

25. At this time defendants lack knowledge or information sufficient to form a belief as to Paragraph 25 of the Complaint; therefore, it is denied.

26. At this time defendants lack knowledge or information sufficient to form a belief as to Paragraph 26 of the Complaint; therefore, it is denied.

27. Paragraph 27 of the Complaint is denied.

28. Paragraph 28 of the Complaint is denied.

29. Paragraph 29 of the Complaint is denied.

30. Paragraph 30 of the Complaint is denied.

31. Paragraph 31 of the Complaint is denied.

32. At this time defendants lack knowledge or information sufficient to form a belief as to Paragraph 32 of the Complaint; therefore, it is denied.

33. At this time defendants lack knowledge or information sufficient to form a belief as to Paragraph 33 of the Complaint; therefore, it is denied.

34. Paragraph 34 of the Complaint is denied.

35. Paragraph 35 of the Complaint is denied.

36. In response to Paragraph 36 of the Complaint defendants do not state a statute of limitations defense at this time; otherwise, paragraph 36 is denied.

Defendants deny that Plaintiff is entitled to any of the relief requested in the prayer for relief that follows Paragraph 36 of the Complaint.

## COUNT II
**VIOLATIONS OF THE FAIR DEBT COLLECTIONS PRACTICES ACT (FDCPA)**

## 15 U.S.C. § 1692e(2) BY DEFENDANTS RAUSCH STURM, RAUSCH, STURM, ISRAEL, ENERSON, HORNIK, JARAMILLO, BROGAN AND DISCOVER

37. Defendants incorporate by reference all of the above paragraphs of this Answer as though fully stated herein.

38. At this time defendants lack knowledge or information sufficient to form a belief as to Paragraph 38 of the Complaint; therefore, it is denied.

39. At this time defendants lack knowledge or information sufficient to form a belief as to Paragraph 39 of the Complaint; therefore, it is denied.

40. Paragraph 40 of the Complaint is denied.

41. Paragraph 41 of the Complaint is denied.

42. Paragraph 42 of the Complaint is denied.

43. Paragraph 43 of the Complaint is denied.

44. Paragraph 44 of the Complaint is denied.

45. At this time defendants lack knowledge or information sufficient to form a belief as to Paragraph 45 of the Complaint; therefore, it is denied.

46. At this time defendants lack knowledge or information sufficient to form a belief as to Paragraph 46 of the Complaint; therefore, it is denied.

47. Paragraph 47 of the Complaint is denied.

48. Paragraph 48 of the Complaint is denied.

Defendants deny that Plaintiff is entitled to any of the relief requested in the prayer for relief that follows Paragraph 48 of the Complaint.

## COUNT III

## VIOLATIONS OF THE FAIR DEBT COLLECTIONS PRACTICES ACT (FDCPA) 15 U.S.C. § 1692e(10) BY DEFENDANTS RAUSCH STURM, RAUSCH, STURM, ISRAEL, ENERSON, HORNIK, JARAMILLO, BROGAN AND DISCOVER

49. Defendants incorporate by reference all of the above paragraphs of this Answer as though fully stated herein.

50. At this time Defendants lack knowledge or information sufficient to form a belief as to Paragraph 50 of the Complaint; therefore, it is denied.

51. At this time Defendants lack knowledge or information sufficient to form a belief as to Paragraph 51 of the Complaint; therefore, it is denied.

52. Paragraph 52 of the Complaint is denied.

53. Paragraph 53 of the Complaint is denied.

54. Paragraph 54 of the Complaint is denied.

55. Paragraph 55 of the Complaint is denied.

56. Paragraph 56 of the Complaint is denied.

57. At this time Defendants lack knowledge or information sufficient to form a belief as to Paragraph 57 of the Complaint; therefore, it is denied.

58. At this time Defendants lack knowledge or information sufficient to form a belief as to Paragraph 58 of the Complaint; therefore, it is denied.

59. Paragraph 59 of the Complaint is denied.

60. Paragraph 60 of the Complaint is denied.

Defendants deny that Plaintiff is entitled to any of the relief requested in the prayer for relief that follows Paragraph 60 of the Complaint.

## COUNT IV

**VIOLATIONS OF THE TEXAS DEBT COLLECTIONS PRACTICES ACT (TDCPA) TEX. FIN. CODE § 392.304(a)(19), 392.304(a)8 BY DEFENDANTS RAUSCH STURM, RAUSCH, STURM, ISRAEL, ENERSON, HORNIK, JARAMILLO, BROGAN AND DISCOVER**

61. Defendants incorporates by reference all of the above paragraphs of this Answer as though fully stated herein.

62. Paragraph 62 of the Complaint, inclusive of all sub-parts, is denied.

Defendants deny that Plaintiff is entitled to any of the relief requested in the prayer for relief that follows Paragraph 62 of the Complaint.

## COUNT V

**VIOLATIONS OF THE TEXAS DECEPTIVE TRADE PRACTICES ACT (DTPA) TEX. BUS. FIN. CODE§ 17.50(H) BY DEFENDANTS RAUSCH STURM, RAUSCH, STURM, ISRAEL, ENERSON, HORNIK, JARAMILLO, BROGAN AND DISCOVER**

63. Defendants incorporates by reference all of the above paragraphs of this Answer as though fully stated herein.

64. Paragraph 64 of the Complaint is denied, as it is an incomplete (and therefore inaccurate) statement of the law.

65. Paragraph 65 of the Complaint is denied.

Defendants deny that Plaintiff is entitled to any of the relief requested in the prayer for relief that follows Paragraph 65 of the Complaint.

## DEMAND FOR TRIAL BY JURY

Plaintiff's jury demand requires no response.

## ADDITIONAL AND AFFIRMATIVE DEFENSES

1. Plaintiff lacks Article III standing because he has not suffered a particularized, concrete, injury on fact.

2. As a result of Plaintiff's lack of Article III standing the Court lacks Article III jurisdiction.

3. Plaintiff lacks standing under the DTPA as a "consumer" as defined in Tex. Bus. & Com. Code Ann. § 17.45, as a mere loan of money does not give rise to "consumer" status. *See Riverside Nat'l Bank v. Lewis*, 603 S.W.2d 169, 1980 Tex. LEXIS 350 (Tex. 1980). He is foreclosed from invoking the "tie in" provision of Tex. Fin. Code § 392.404. *See Cushman v. GC Servs., L.P.*, 397 Fed. Appx. 24, 2010 U.S. App. LEXIS 20348 (5th Cir. Tex. 2010).

4. Defendants deny that Plaintiff has given pre-suit notice as required by Tex. Bus. & Com. Code Ann. § 17.505.

5. Plaintiff's failure to mitigate his alleged damages if any, us a defense to such claims for damages.

6. Plaintiff's state and federal law claims are barred by the Petition Clause of the First Amendment to the Constitution, U.S. Const. Amend. 1, and the *Noerr-Pennington* doctrine.

7. Individual Defendants Rausch, Sturm, Israel, Enerson, and Hornik each deny that they are debt collectors as defined in the FDCPA or the TDCA.

8. Individual Defendants Rausch, Sturm, Israel, Enerson, and Hornik each deny that they are liable in the capacity in which they have been sued.

9. All of the individual defendants deny that they are liable to Plaintiff, as the "Fair Debt Collection Practices Act is not aimed at the shareholders of debt collectors operating in the corporate form unless some basis is shown for piercing the corporate veil . . ." *White v. Goodman*, 200 F.3d 1016, 1019 (7th Cir. 2000). Plaintiff's suit against the individual defendants is frivolous and amounts to malicious prosecution. *Id.*

10. Defendants deny that Plaintiff is entitled to or should recover statutory damages in any amount. *Jerman v. Carlisle,* No. 1:06-cv-1397, 2011 U.S. Dist. LEXIS 40771, 2011 WL 1434679 (N.D. Oh. 2011).

11. Defendants assert that an award of statutory damages in the absence of actual damages would be a denial of their right due process under the Constitution of the United States of America. *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 123 S. Ct. 1513. 155 L. Ed. 2d 585 (2003) and *BMW of N. Am. v. Gore*, 517 U.S. 559, 116 S. Ct. 1589, 134 L. Ed. 2d 809 (1996).

12. Defendants expressly reserve the right to assert such other and further affirmative defenses as may be appropriate.

**ATTORNEY'S FEES**

13. Defendants assert that Plaintiff's "meaningful attorney involvement" claims have been brought in bad faith and for the purpose of harassment.

Pursuant to 15 U.S.C. § 1692k(a)(3), Tex. Fin. Code § 392.403(c), and Tex. Bus. & Com. Code Ann. § 17.50(c), Defendants are entitled to recover from Plaintiff attorney's fees reasonable in relation to the work expended in defending such claims and costs.

**WHEREFORE, PREMISES CONSIDERED**, Defendants respectfully pray that Plaintiff take nothing in this action. Defendants further pray that they be granted their fees and costs, together with all such other and further relief, at law or in equity, to which they may show themselves justly entitled.

Respectfully submitted,

[/s/ Manuel H. Newburger](#)
Manuel H. Newburger
Texas Bar No. 14946500

BARRON & NEWBURGER, P.C.
7320 N. MoPac Expy., Suite 400
Austin, Texas 78731
(512) 649-4022 [Telephone]
(512) 279-0310 [Facsimile]
mnewburger@bn-lawyers.com

**ATTORNEY FOR DEFENDANTS
Rausch Sturm, LLP, Raymond J. Rausch, William C. Sturm, Scott M. Israel, Gregory W. Enerson, Robert Hornik, Roberto J. Jaramillo, and Colin P. Brogan**

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Answer was served on the persons on the Service List below via email on the 28th day of October, 2021.

/s/ Manuel H. Newburger
Manuel H. Newburger

**SERVICE LIST:**

John P. Johnson
Plaintiff Pro Se
Residence: 861 28th St. W.
Lakehills, Texas 78063
210-842-7851
jjohnsonrents(yahoo.com

Helen Mosothoane
McGlinchey Stafford, PLLC
Three Energy Square
6688 N. Central Expressway, Ste 400
Dallas, TX 75206
214-445-2449
Fax: 214-445-2450
hmosothoane@mcglinchey.com