IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOHN P. JOHNSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:21-CV-00897-JKP |
| | § | |
| RAUSCH STURM, LLP, RAYMOND J. RAUSCH, WILLIAM C. STURM, SCOTT M. ISRAEL, GREGORY W. ENERSON, ROBERT HORNIK, ROBERTO J. JARAMILLO, DISCOVER BANK, | § § § § § § § | |
| | § | |
| Defendants. | § | |

**DEFENDANT DISCOVER BANK'S**
**ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S**
**FIRST AMENDED COMPLAINT**

Defendant Discover Bank, ("Discover"), files its answer and affirmative defenses to Plaintiff's First Amended Complaint (the "Amended Complaint") and shows the court the following:

**NATURE OF THE ACTION**

1. Discover admits that this is an action for damages under the Fair Debt Collection Practices Act, the Texas Debt Collection Practices Act and the Texas Business and Commerce Code. Discover denies that it violated any of these statutes and denies the Plaintiff has suffered any damages.

2. Discover denies the allegations contained in paragraph 2 of the Amended Complaint.

1

18535014.1

## JURISDICTION AND VENUE

3. Discover denies the allegations contained in paragraph 3 of the Amended Complaint.

4. Discover denies the allegations contained in paragraph 4 of the Amended Complaint. Discover further states it does not contest venue in this matter.

## PARTIES

5. Discover lacks information to admit or deny the allegations contained in paragraph 5 of the Amended Complaint and demands strict proof thereof.

6. Discover lacks information to admit or deny the allegations contained in paragraph 6 of the Amended Complaint and therefore the allegations are denied.

7. Discover lacks information to admit or deny the allegations contained in paragraph 7 of the Amended Complaint and therefore the allegations are denied.

8. Discover lacks information to admit or deny the allegations in paragraph 8 of the Amended Complaint and demands strict proof thereof.

9. Discover lacks information to admit or deny the allegations in paragraph 9 of the Amended Complaint and demands strict proof thereof.

10. Discover lacks information to admit or deny the allegations in paragraph 10 of the Amended Complaint and demands strict proof thereof.

11. Discover lacks information to admit or deny the allegations in paragraph 11 of the Amended Complaint and demands strict proof thereof.

12. Discover lacks information to admit or deny the allegations in paragraph 12 of the Amended Complaint and demands strict proof thereof.

13. Discover lacks information to admit or deny the allegations in paragraph 13 of the

Amended Complaint and demands strict proof thereof.

14. Discover lacks information to admit or deny the allegations in paragraph 9 of the Amended Complaint and demands strict proof thereof.

15. Discover denies the allegation contained in paragraph 15 of the Amended Complaint.

16. Discover denies the allegations contained in paragraph 16 of the Amended Complaint.

## FACTUAL ALLEGATIONS

17. In response to paragraph 17 of the Amended Complaint, Discover admits that Plaintiff is a natural person who is obligated to pay a debt to Discover Bank. Discover denies the remaining allegations contained in paragraph 17 of the Amended Complaint.

18. Discover denies the allegation contained in paragraph 18 of the Amended Complaint. Discover further states that Plaintiff knows his obligation is to Discover because Discover is currently suing him on his obligation.

19. Discover denies the allegations contained in paragraph 18 of the Amended Complaint.

20. Discover lacks information to admit or deny the allegations contained in paragraph 20 of the Amended Complaint and therefore the allegations are denied.

21. Discover denies the allegations contained in paragraph 21 of the Amended Complaint.

22. Discover denies the allegations contained in paragraph 22 of the Amended Complaint.

23. Discover denies the allegations contained in paragraph 23 of the Amended

Complaint.

**COUNT I**
**VIOLATION OF THE FAIR DEBT COLLECTIONS PRACTICES ACT (FDCPA) 15 U.S.C. § 1692g(b) BY DEFENDANTS RAUSCH STURM, RAUSCH, STURM, ISRAEL, ENERSON, HORNIK, JARAMILLO AND DISCOVER**

24. Discover incorporates its responses to paragraphs 1-23 of the Amended Complaint.

25. Discover lacks information to admit or deny the allegations contained in paragraph 25 of the Amended Complaint and therefore the allegations are denied.

26. Discover lacks information to admit or deny the allegations contained in paragraph 26 of the Amended Complaint and therefore the allegations are denied.

27. Discover lacks information to admit or deny the allegations contained in paragraph 27 of the Amended Complaint and therefore the allegations are denied.

28. Discover lacks information to admit or deny the allegations contained in paragraph 28 of the Amended Complaint and therefore the allegations are denied.

29. Discover lacks information to admit or deny the allegations contained in paragraph 29 of the Amended Complaint and therefore the allegations are denied.

30. Discover lacks information to admit or deny the allegations contained in paragraph 30 of the Amended Complaint and therefore the allegations are denied.

31. Discover lacks information to admit or deny the allegations contained in paragraph 31 of the Amended Complaint and therefore the allegations are denied.

32. Discover lacks information to admit or deny the allegations contained in paragraph 32 of the Amended Complaint and therefore the allegations are denied.

33. Discover lacks information to admit or deny the allegations contained in paragraph 33 of the Amended Complaint and therefore the allegations are denied.

34. Discover denies the allegations contained in paragraph 34 of the Amended

Complaint.

35. Discover denies the allegations contained in paragraph 35 of the Amended Complaint.

36. Discover denies the allegations contained in paragraph 36 of the Amended Complaint.

**COUNT II**
**VIOLATION OF THE FAIR DEBT COLLECTIONS PRACTICES ACT (FDCPA) 15 U.S.C. § 1692e(2) BY DEFENDANTS RAUSCH STURM, RAUSCH, STURM, ISRAEL, ENERSON, HORNIK, JARAMILLO, DISCOVER**

37. Discover incorporates its responses to paragraphs 1-36 of the Amended Complaint.

38. Discover lacks information to admit or deny the allegations contained in paragraph 38 of the Amended Complaint and therefore the allegations are denied.

39. Discover lacks information to admit or deny the allegations contained in paragraph 39 of the Amended Complaint and therefore the allegations are denied.

40. Discover lacks information to admit or deny the allegations contained in paragraph 40 of the Amended Complaint and therefore the allegations are denied.

41. Discover lacks information to admit or deny the allegations contained in paragraph 41 of the Amended Complaint and therefore the allegations are denied.

42. Discover lacks information to admit or deny the allegations contained in paragraph 42 of the Amended Complaint and therefore the allegations are denied.

43. Discover lacks information to admit or deny the allegations contained in paragraph 43 of the Amended Complaint and therefore the allegations are denied.

44. Discover lacks information to admit or deny the allegations contained in paragraph 44 of the Amended Complaint and therefore the allegations are denied.

45. Discover lacks information to admit or deny the allegations contained in paragraph

18535014.1

45 of the Amended Complaint and therefore the allegations are denied.

46. Discover lacks information to admit or deny the allegations contained in paragraph 46 of the Amended Complaint and therefore the allegations are denied.

47. Discover denies the allegations contained in paragraph 47 of the Amended Complaint.

48. Discover denies the allegations contained in paragraph 48 of the Amended Complaint.

**COUNT III**
**VIOLATION OF THE FAIR DEBT COLLECTIONS PRACTICES ACT (FDCPA) 15 U.S.C. § 1692e(10) BY DEFENDANTS RAUSCH STURM, RAUSCH, STURM, ISRAEL, ENERSON, HORNIK, JARAMILLO, BROGAN AND DISCOVER**

49. Discover incorporates its responses to paragraphs 1-48 of the Amended Complaint.

50. Discover lacks information to admit or deny the allegations contained in paragraph 50 of the Amended Complaint and therefore the allegations are denied.

51. Discover lacks information to admit or deny the allegations contained in paragraph 51 of the Amended Complaint and therefore the allegations are denied.

52. Discover lacks information to admit or deny the allegations contained in paragraph 52 of the Amended Complaint and therefore the allegations are denied.

53. Discover lacks information to admit or deny the allegations contained in paragraph 53 of the Amended Complaint and therefore the allegations are denied.

54. Discover lacks information to admit or deny the allegations contained in paragraph 54 of the Amended Complaint and therefore the allegations are denied.

55. Discover lacks information to admit or deny the allegations contained in paragraph 55 of the Amended Complaint and therefore the allegations are denied.

56. Discover lacks information to admit or deny the allegations contained in paragraph

56 of the Amended Complaint and therefore the allegations are denied.

57. Discover lacks information to admit or deny the allegations contained in paragraph 57 of the Amended Complaint and therefore the allegations are denied.

58. Discover lacks information to admit or deny the allegations contained in paragraph 58 of the Amended Complaint and therefore the allegations are denied.

59. Discover denies the allegations contained in paragraph 59 of the Amended Complaint.

60. Discover denies the allegations contained in paragraph 60 of the Amended Complaint.

## COUNT IV
## VIOLATION OF THE TEXAS DEBT COLLECTIONS PRACTICES ACT (TDCPA) TEX. FIN. CODE § 392.304(a)(19), 392.304 (a)(8) BY DEFENDANTS RAUSCH STURM, RAUSCH, STURM, ISRAEL, ENERSON, HORNIK, JARAMILLO, BROGAN AND DISCOVER

61. Discover incorporates its responses to paragraphs 1-60 of the Amended Complaint.

62. Discover denies the allegations contained in paragraph 62 of the Amended Complaint.

18535014.1

**COUNT V**
**VIOLATION OF TEXAS DECEPTIVE TRACE PRACTICES ACT (DTPA) TEX. BUS. FIN. CODE § 17.50 BY DEFENDANTS RAUSCH STURM, RAUSCH, STURM, ISRAEL, ENERSON, HORNIK, JARAMILLO, BROGAN AND DISCOVER**

63. Discover incorporates is responses to paragraphs 1-62 of the Amended Complaint.

64. Discover denies the allegations contained in paragraph 64 of the Amended Complaint.

65. Discover denies the allegations contained in paragraph 65 of the Amended Complaint.

**RESPONSE TO DEMAND FOR TRIAL BY JURY**

No response is necessary to Plaintiff's demand for a jury trial since no allegations are set forth.

By way of further answer if necessary Defendant shows the court the following:

**AFFIRMATIVE DEFENSES**

1. Plaintiff lacks Article III standing because he has not suffered a particularized, concrete injury.

2. This court lacks Article III jurisdiction due to Plaintiff's lack of standing.

3. Plaintiff lacks standing under the DTPA as a "consumer" as defined in Tex. Bus. & Com. Code Ann. § 17.45, as a mere loan of money does not give rise to "consumer" status. *See Riverside Nat'l Bank v. Lewis*, 603 S.W.2d 169, 1980 Tex. LEXIS 350 (Tex. 1980). He is foreclosed from invoking the "tie in" provision of Tex. Fin. Code § 392.404. *See Cushman v. GC Servs., L.P.*, 397 Fed. Appx. 24, 2010 U.S. App. LEXIS 20348 (5th Cir. Tex. 2010).

4. Plaintiff has failed to give pre-suit notice as required by Tex. Bus. & Com. Code Ann. § 17.505.

5.   Plaintiff has failed to mitigate damages.

6.   Any damages sustained by Plaintiff (the existence of which is denied) were the result of acts or omissions of parties other than Discover, for which Discover is not legally responsible.

7.   Discover is not a debt collector as defined in the FDCPA or TDCA.

8.   Plaintiff has not sustained any damages proximately caused by Discover.

9.   Plaintiff fails to state a claim upon which relief can be granted.

10.   Discover denies any liability for exemplary damages. In the unlikely event that the trial of this cause results in the finding of exemplary or punitive damages, Discover hereby invokes the limitations on the amount of punitive damages inherent under the due process clause of the United States Constitution, Fourteenth Amendment.

11.   Discover denies that Plaintiff is entitled to or should recover statutory damages in any amount. *Jerman v. Carlisle,* No. 1:06-cv-1397, 2011 U.S. Dist. LEXIS 40771, 2011 WL 1434679 (N.D. Oh. 2011).

12.   Discover assert that an award of statutory damages in the absence of actual damages would be a denial of their right due process under the Constitution of the United States of America. *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 123 S. Ct. 1513. 155 L. Ed. 2d 585 (2003) and *BMW of N. Am. v. Gore*, 517 U.S. 559, 116 S. Ct. 1589, 134 L. Ed. 2d 809 (1996).

13.   Discover reserves the right to assert any additional affirmative defenses that may be discovered during the course of additional investigation and discovery.

## **ATTORNEYS' FEES**

Discover asserts that Plaintiff's causes of action have been brought in bad faith and for the purposes of harassment. Pursuant to 15 U.S.C. § 1692k(a)(3), Tex. Fin. Code § 392.403(c), and

Tex. Bus. & Com. Code Ann. § 17.50(c), Discover is entitled to recover from Plaintiff attorney's fees reasonable in relation to the work expended in defending such claims and costs.

WHEREFORE, Discover respectfully requests that this Court dismiss Plaintiff's Complaint at Plaintiff's cost, and that Defendant be awarded its reasonable attorneys' fees and costs as provided for under applicable law.

Respectfully submitted,

*/s/  Gregg D. Stevens*
**GREGG D. STEVENS**
State Bar No. 19182500
**HELEN MOSOTHOANE**
State Bar No. 24096191
**MCGLINCHEY STAFFORD, PLLC**
Three Energy Square
6688 North Central Expressway, Suite 400
Dallas, Texas 75206
Telephone: (214) 445-2445
Facsimile:  (214) 445-2450
gstevens@mcglinchey.com
hmosothoane@mcglinchey.com

***ATTORNEYS FOR DEFENDANT DISCOVER BANK***

**CERTIFICATE OF SERVICE**

    I hereby certify that on November 10, 2021, a copy of the above and foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing has been forwarded to all counsel of record as follows:

*Via U.S. Mail E-Mail jjonsonrents@yahoo.com*

John P. Johnson
Plaintiff Pro Se
861 28th St. W.
Lakehills, TX 78063
***PLAINTIFF PRO SE***


*Via CM/ECF*

Manuel H. Newburger
BARRON & NEWBURGER, P.C.
7320 N. MoPac Expy., Suite 400
Austin, Texas 78731
(512) 649-4022 [Telephone]
(512) 279-0310 [Facsimile]
mnewburger@bn-lawyers.com
***ATTORNEY FOR DEFENDANTS
RAUSCH STURM, LLP, RAYMOND J. RAUSCH,
WILLIAM C. STURM, SCOTT M. ISRAEL, GREGORY W. ENERSON,
ROBERT HORNIK, ROBERTO J. JARAMILLO, AND COLIN P. BROGAN***

                                                                         */s/Gregg D. Stevens*
                                                                         **GREGG D. STEVENS**