UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOHN P. JOHNSON, | § § § | |
| Plaintiff, | § § | |
| v. | § § | SA-21-CA-897-JKP (HJB) |
| RAUSCH STURM, LLP; RAYMOND J. RAUSCH; WILLIAM C. STURM; SCOTT M. ISRAEL; GREGORY W. ENERSON; ROBERT HORNIK; ROBERTO J. JARAMILLO; DISCOVER BANK; and COLIN P. BROGAN; | § § § § § § § § § | |
| Defendants. | § § | |

**ORDER**

Before the Court are the following motions pending in the above case: (1) Defendants' Motion to Stay or Abate (Docket Entry 12); (2) Plaintiff's Motion in Opposition to Defendants' Motion to Stay or Abate (Docket Entry 17); Plaintiff's Amended Motion to Amend Complaint (Docket Entry 25); and Plaintiff's Motion to Strike Defendants' Joint Response to Plaintiff's Amended Motion to Amend His Complaint (Docket Entry 29). Pretrial matters have been referred to the undersigned for consideration pursuant to 28 U.S.C. § 636(b). (Docket Entry 2.) For the reasons set out below Plaintiff's Amended Motion to Amend Complaint (Docket Entry 25) is **GRANTED**, Defendants' Motion to Stay or Abate (Docket Entry 12) is **DENIED IN PART** and **DENIED AS MOOT IN PART**, and the remaining motions (Docket Entries 17 and 29) are **DENIED AS MOOT**.

**I.    Procedural History.**

Resolution of the pending motions requires a short review of the procedural history in this case. Proceeding *pro se*, Plaintiff filed suit against Defendants on September 20, 2021, raising

claims under the Federal Debt Collections Practices Act, 15 U.S.C. §§ 1692, *et seq.*, the Texas Debt Collection Practices Act, TEX. FIN. CODE § 392.304, and the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COMM. CODE §§ 17.41, *et seq.* (Docket Entry 1.) He amended his complaint on September 24, 2021. (Docket Entry 4.) On November 4, 2021, Defendants moved to stay or abate Plaintiff's DTPA claim, citing § 17.505, which requires a consumer to give 60 days of pre-suit notice before filing a DTPA claim. (Docket Entry 12.) In addition to a 60-day stay, Defendants sought attorney's fees for having to file the motion, citing *Hines v. Hash*, 843 S.W.2d 464 (Tex. 1992).

Plaintiff responded to the motion, opposing the attorney's fees and proposing instead to withdraw the DTPA claim. (Docket Entry 17.) He filed a motion to amend his complaint, but failed to file a proposed complaint for the Court's review, as required by Local Rule CV-7(b). (*See* Docket Entry 16.)

At the initial pretrial conference held on January 20, 2022, the undersigned ordered Plaintiff to file an amended motion to amend his complaint, attaching a proposed complaint for review. (*See* Docket Entry 23.) Plaintiff timely filed the amended motion (Docket Entry 25), but Defendants opposed it (Docket Entry 27), and Plaintiff moved to strike that opposition (Docket Entry 29).

**II.    Analysis.**

When faced with a timely request for leave to amend, the Court looks to "liberal standard" Federal Rule of Civil Procedure 15(a) to determine whether leave to amend should be granted. *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 535 (5th Cir. 2003). Under that Rule, courts must "freely give leave [to amend] when justice so requires." FED. R. CIV. P. 15(a)(2). "[T]he language of this rule 'evinces a bias in favor of granting leave to amend,' " and

"[a] district court must possess a 'substantial reason' to deny a request." *SGK Props., L.L.C. v. U.S. Bank Nat'l Assoc. for Lehman Bros. Small Balance Comm. Mortg. Pass-Through Certificates, Series 2007-3*, 881 F.3d 933, 944 (5th Cir. 2018) (quoting *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004)). Undue delay, undue prejudice, and futility may, in some circumstances, provide a substantial reason to deny a motion for leave to amend. *See SGK Props, L.L.C.*, 881 F.3d at 944; *Strickland v. Bank of N.Y. Mellon*, 838 F. App'x 815, 821 (5th Cir. 2020) (per curiam).

In this case, Plaintiff seeks to amend his complaint to withdraw the DTPA claim. Defendants oppose the amendment, arguing that the claim should be dismissed with prejudice and that Plaintiff should be required to pay their attorney's fees for having to file a motion to stay the claim for failure to comply with the pre-suit notice provisions of § 17.505. (Docket Entry 27.) In support of this argument, Defendants rely on the Texas Supreme Court's Decision in *Hines*. (*See id.* at 2.)

*Hines* does not support Defendants' argument. As the Supreme Court explained in that case, "[t]he purpose of the DTPA notice provision is 'to discourage litigation and encourage settlements of consumer complaints.'" *Hines*, 843 S.W.2d at 468 (quoting *Jim Walter Homes, Inc. v. Valencia*, 690 S.W.2d 239, 242 (Tex. 1985)). "When a plaintiff fails to comply with the requirement, abatement of the action for the statutory notice period is more consistent with the purpose of notice than dismissal." *Hines*, 843 S.W.2d at 468–69. "While the action is abated, the parties may discuss their positions as they would have done during the period for pre-suit notice." *Id.* Sanctions such as attorney's fees may be imposed for failing to comply with the notice requirement, especially when the only other penalty that would arise is "a slight delay in the litigation," but in general, punishment "may be limited . . . to enforcement of the purpose of notice." *Id.*

3

In this case, the penalty for Plaintiff's non-compliance with the pre-suit notice requirement is more than a "slight delay" in the DTPA litigation; it is dismissal of his claim. In such circumstances, an award of attorney's fees is not necessary to effectuate the purpose of the DTPA notice provision. This is especially true given that (1) Plaintiff proceeds *pro se* in this matter; (2) he immediately proposed to withdraw the claim (*see* Docket Entry 17); and (3) the case has been effectively stayed for four months while the above motions were pending, apparently without any attempt by Defendants to resolve the claim by negotiation.[1] In such circumstances, dismissal provides all the relief necessary to effectuate the notice provision.

Finally, although Plaintiff's voluntary withdrawal of the DTPA claim does not serve as an adjudication on the merits, Defendants are protected from any successive filing of the claim by Federal Rule of Civil Procedure 41. As the rule makes clear, "[i]f a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant," the Court may "stay the proceedings" and "order the plaintiff to pay all or part of the costs of [the] previous action." FED. R. CIV. P.41(d). And if the plaintiff were again to voluntarily dismiss the claim, the "notice of dismissal operates as an adjudication on the merits." FED. R. CIV. P. 41(b).[2]

---

[1] At the initial pretrial conference, the Court set no deadlines in the case, except for the exchange of initial disclosures, which is independently required, without Court intervention or a discovery request, by Federal Rule of Civil Procedure 26(a)(1). (*See* Docket Entry 23.)

[2] Defendants also suggest in passing that the proposed amendment is futile as to Defendant Discover Bank and the individual Defendants sued by Plaintiff, because Plaintiff fails to state any facts in support of his claim for relief against these Defendants. (Docket Entry 27, at 2.) The Court will not deny amendment on this ground, based on a single sentence of argument in response to the motion to amend. However, Defendants remain free to raise Plaintiff's failure to state a claim for relief in their responses to the amended complaint. Indeed, Defendant Discover Bank made such a response in its previous answer to Plaintiff's complaint. (*See* Docket Entry 13, at 9.)

4

For the foregoing reasons, Plaintiff's Amended Motion to Amend Complaint (Docket Entry 25) is **GRANTED** and the U.S. Clerk is directed to file Plaintiff's Second Amended Complaint attached to his motion (Docket Entry 25-1). Defendants' Motion to Stay or Abate (Docket Entry 12) is **DENIED** as to the request for attorney's fees and otherwise **DENIED AS MOOT**. Plaintiff's Motion in Opposition to Defendants' Motion to Stay or Abate (Docket Entry 17) and Motion to Strike Defendants' Joint Response to Plaintiff's Amended Motion to Amend His Complaint (Docket Entry 29) are likewise **DENIED AS MOOT**.

Defendants must answer or otherwise respond to Plaintiff's Second Amended Complaint **on or before April 15, 2022**. *See* FED. R. CIV. P. 15(a)(3) (authorizing court to set time for response to amended pleading).

It is so **ORDERED**.

**SIGNED** on March 28, 2022.

_____
Henry J. Bemporad
United States Magistrate Judge