IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JOHN P. JOHNSON,<br>    Plaintiff<br><br>vs.<br><br>RAUSCH STURM, LLP, RAYMOND J. RAUSCH, WILLIAM C. STURM, SCOTT M. ISRAEL, GREGORY W. ENERSON, ROBERT HORNIK, ROBERTO J. JARAMILLO, COLIN P. BROGAN, and DISCOVER BANK,<br>    Defendants | §<br>§<br>§<br>§<br>§<br>§  Case No. 5:21-cv-00897-JKP-HJB<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

## MOTION FOR JUDGMENT ON THE PLEADINGS BY DEFENDANTS RAYMOND J. RAUSCH, WILLIAM C. STURM, SCOTT M. ISRAEL, GREGORY W. ENERSON, ROBERT HORNIK, ROBERTO J. JARAMILLO, and COLIN P. BROGAN

Pursuant to FED. R. CIV. P. 12(c), Defendants Raymond J. Rausch, William C. Sturm, Scott M. Israel, Gregory W. Enerson, Robert Hornik, Roberto J. Jaramillo, and Colin P. Brogan (collectively "the Individual Defendants") move the Court to grant judgment on the pleadings that Plaintiff take nothing against them, and in support of such motion would respectfully show the following:

### I.    MOTION

On February 1, 2022, Plaintiff John P. Johnson, filed his Second Amended Complaint against Defendants Rausch Sturm LLP, Discover Bank, and the Individual Defendants (Doc. 32). Johnson alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and the Texas Debt Collection Act, Tex. Fin. Code Ann. § 392.001, *et seq.* against all Defendants. *Id.*

1

In their Answer, Defendants specifically averred that Johnson's claims against the Individual Defendants are barred under *White v. Goodman,* 200 F.3d 1016, 1019 (7th Cir. 2000) because the FDCPA is not aimed at the shareholders of debt collectors operating in the corporate form unless some basis is shown for piercing the corporate veil. [ECF No. 35, p. 8.] Here, no basis has been shown for piercing the corporate veil or pursuing the Individual Defendants, and Johnson's suit against the Individual Defendants is frivolous and amounts to malicious prosecution.

Therefore, the Individual Defendants respectfully request that the Court enter judgment that Johnson take nothing against them.

## II.   APPLICABLE STANDARD

A Rule 12(c) motion is evaluated under the same standard applicable to a Rule 12(b)(6) motion to dismiss, *i.e.*, whether the Complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts which allow the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal,* 556 U.S. at 678. *Towmbly* requires a two-prong analysis. First, a Court must identify "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. *Id.,* at 679-81. Second, the Court must consider the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.*, at 681. If the allegations state a plausible claim for relief, such claim survives the

motion to dismiss. However, when a plaintiff has not "nudged [his] claims across the line from conceivable to plausible," then dismissal is mandatory. *Twombly*, 550 U.S. at 570.

These standards apply to everyone, including *pro se* litigants like Johnson. When it comes to pleadings by *pro se* litigants, "[a] court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. The plaintiff's *pro se* status does not entitle him to application of different rules." *Conrad v. The Educ. Res. Inst.*, 652 F. Supp. 2d 1172, 1180-81 (D. Colo. 2009) (citations omitted). Indeed, the 5th Circuit has stated: "Our policy of liberally construing pro se litigants' complaints does not relieve a plaintiff from her obligation to state a claim for relief." *Young v. City of Houston*, 599 Fed. Appx. 553, 555 n. 3 (5th Cir. 2015) (affirming Rule 12(c) dismissal). And "regardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) internal quotation marks and citation omitted). Furthermore, "if the Court determines that the plaintiff has pleaded his or her best case, a district court does not err in dismissing a pro se complaint with prejudice." *Rocha v. Hosto*, Civil Action No. 4:19-cv-00572-O-BP, 2020 U.S. Dist. LEXIS 22246, *9 (N.D. Tex. Jan. 21, 2020); *see also Anderson v. Law Firm of Shorty, Dooley & Hall*, 393 Fed. App'x 214, 217-18 (5th Cir. 2010).

### III.   ARGUMENT & AUTHORITIES

Johnson named the Individual Defendants in this lawsuit but has not alleged actionable conduct by the Individual Defendants that would violate the

3

FDCPA or its state law equivalent. In *White v Goodman*, the plaintiff asserted FDCPA claims against a debt collection agency, the creditor, the company that stuffed and mailed the envelopes that the debt collection agency sent to the debtors, and a shareholder of the debt collection agency. *White v. Goodman*, 200 F.3d 1016, 1019 (7th Cir. 2000). The court determined that the addition of the parties other than the debt collector and the creditor (meaning the mailing company and the shareholder) was frivolous and amounted to malicious prosecution. *Id*. The court stated:

> The Fair Debt Collection Practices Act is not aimed at the shareholders of debt collectors operating in the corporate form unless some basis is shown for piercing the corporate veil, which was not attempted here, *Aubert v. American General Finance, Inc.*, 137 F.3d 976, 979-80 (7th Cir. 1998), or at companies that perform ministerial duties for debt collectors, such as stuffing and printing the debt collector's letters. *Laubach v. Arrow Service Bureau, Inc.*, 987 F. Supp. 625, 629-31 (N.D. Ill. 1997); *Trull v. Lason Systems, Inc.*, 982 F. Supp. 600, 607-08 (N.D. Ill. 1997) . . . The joinder of these defendants illustrates the all-too-common abuse of the class action as a device for forcing the settlement of meritless claims and is thus a mirror image of the abusive tactics of debt collectors at which the statute is aimed.

*White*, 200 F.3d at 1019.

Similarly, in *Pettit v. Retrieval Masters Creditors Bureau, Inc.*, 211 F.3d 1057, 1059 (7th Cir. 2000), the plaintiff argued that the largest shareholder and president of Retrieval Masters Creditors Bureau was a debt collector under the FDCPA and named him individually. Again, the court determined that because individuals do not become "debt collectors" by simply working for or owning stock in debt collection companies, the FDCPA "does not contemplate personal liability for shareholders or employees of debt collection companies who act on behalf of those companies, except perhaps in limited instances where the corporate veil is

4

pierced." *Id.* (citing *Aubert v. American Gen. Fin., Inc.*, 137 F.3d 976, 979-80 (7th Cir. 1998)). The court further stated:

> the debt collection company answers for its employees' violations of the statute. With vicarious or respondeat superior liability, the debt collection company 'and its managers have the proper incentives to adequately discipline wayward employees, as well as to instruct and train employees to avoid actions that might impose liability.' *U.S. EEOC v. AIC Sec. Investigations, Ltd.*, 55 F.3d 1276, 1282 (7th Cir. 1995). Individuals who do not otherwise meet the statutory definition of "debt collector" cannot be held liable under the Act. *Transamerica*, 171 F.3d at 554 n.1. As we mentioned in *White*, FDCPA suits against the owners of a debt collection company who are not otherwise debt collectors are frivolous and might well warrant sanctions.

*Pettit*, 211 F.3d at 1059.

At least one Texas district court has found the same. *See Garcia v. Jenkins/Babb LLP*, No. 3:11-CV-3171-N-BH, 2013 U.S. Dist. LEXIS 101951, at *21-22 (N.D. Tex. June 13, 2013)(applying both the Seventh Circuit's holdings and also applying state law to determine whether an individual could be personally liable for actions taken on behalf of a professional corporation). That court held that the shareholder should be dismissed because the complaint was devoid of facts showing he was a debt collector and there were no exceptions listed in in Tex. Bus. Orgs. Code § 152.801(b) that applied to the case).

Here, Johnson has done no more than the unsuccessful plaintiffs in *White* and *Pettit*. He has included the Individual Defendants, some of whom are employees of Rausch Sturm LLP and some of whom have never worked for the current entity, without alleging any basis for personal liability. There are no factual allegations that would support the purely conclusory assertions that the Individual Defendants are "debt collectors" as defined in either the FDCPA or the TDCA. There are no factual allegations that the Individual Defendants engaged in any debt

collection activity that was directed against Plaintiff. There are no factual allegations that would support a piercing of the corporate veil. Johnson is on his third pleading, and in each he has named the Individual Defendants without any factual allegation that any of them engaged in unlawful conduct. Indeed, apart from naming them as parties and making the conclusory allegation that they are debt collectors, Plaintiff has done nothing to allege any acts by any of the Individual Defendants that could give rise to liability on their part. In Light of these deficiencies, the Court should grant judgment pursuant TO FED. R. CIV. P. 12(c) that Plaintiff take noting against the Individual Defendants. Movants further request that Plaintiff's claims against the remaining defendants be severed so that such a judgment can become final.

Plaintiff should not be permitted to file any further amendments. In the underlying state court action, Plaintiff filed documents entitled "Criminal Complaint[s]" against the Individual Defendants. On January 28, 2022, each of those filings was found to be a separate act of perjury, and the Individual Defendants were found to have had nothing to do with the collection case. That order, a copy of which is Exhibit A to this motion, was entered prior to the filing of Plaintiff's Second Amended Complaint, and notwithstanding that order, Johnson persisted in his pursuit of the Individual Defendants without any factual allegation of wrongdoing on their part. Plaintiff should not be given further opportunity to prolong his bad faith harassment of the Individual Defendants.

## **CONCLUSION**

The Individual Defendants assert that the Court should grant judgment in their favor pursuant to Rule 12(c) and hold that Plaintiff take nothing against them.

6

If such relief is granted, Plaintiff's remaining claims should be severed so that the judgment can become final.

**WHEREFORE, PREMISES CONSIDERED,** Defendants Raymond J. Rausch, William C. Sturm, Scott M. Israel, Gregory W. Enerson, Robert Hornik, Roberto J. Jaramillo, and Colin P. Brogan pray that the Court grant judgment in their favor pursuant TO FED. R. CIV. P. 12(c). The Individual Defendants further pray that if such judgment is granted Plaintiff's remaining claims be severed and that they be granted all such other and further relief, at law or in equity, to which they may be justly entitled.

Respectfully submitted,

**/s/ Manuel H. Newburger**
Manuel H. Newburger
Texas Bar No. 14946500
BARRON & NEWBURGER, P.C.
7320 N. MoPac Expy., Suite 400
Austin, Texas 78731
(512) 649-4022 [Telephone]
(512) 279-0310 [Facsimile]
mnewburger@bn-lawyers.com

**ATTORNEY FOR DEFENDANTS Rausch Sturm, LLP, Raymond J. Rausch, William C. Sturm, Scott M. Israel, Gregory W. Enerson, Robert Hornik, Roberto J. Jaramillo, and Colin P. Brogan**

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing Motion was served on the persons on the Service List below via email on the 6th day of May, 2022.

/s/ Manuel H. Newburger
Manuel H. Newburger

**SERVICE LIST:**

John P. Johnson
Plaintiff Pro Se
Residence: 861 28th St. W.
Lakehills, Texas 78063
210-842-7851
jjohnsonrents@yahoo.com

Helen Mosothoane
McGlinchey Stafford, PLLC
Three Energy Square
6688 N. Central Expressway, Ste 400
Dallas, TX 75206
214-445-2449
Fax: 214-445-2450
hmosothoane@mcglinchey.com