UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**JOHN P. JOHNSON,**

  *Plaintiff*,

v.                              Case No.  SA-21-CV-00897-JKP

**RAUSCH STURM, LLP, RAYMOND J.
RAUSCH, WILLIAM C. STURM,
SCOTT M. ISRAEL, GREGORY W.
ENERSON, ROBERT HORNIK, ROB-
ERTO J. JARAMILLO,  DISCOVER
BANK, COLIN P. BROGAN,**

  *Defendants*.

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Discover Bank's (Discover) Motion to Dismiss Plaintiff's Second Amended Complaint for Failure to State a Claim filed pursuant to Federal Rule of Civil Procedure 12(b)(6) and all responsive pleadings. *ECF Nos. 34, 36, 37*.  Upon consideration, the Court concludes Discover's Motion to Dismiss is **GRANTED**.

### FACTS

In his Second Amended Complaint, Johnson alleges Defendant Rausch Strum sent Johnson a letter, dated July 19, 2021, demanding a $33,008.56 payment for a $30,008.56 debt Johnson allegedly owed to Rausch Strum, Discover Bank, or Discover products. *ECF No. 32*, *para. 20*. In response to the letter, Johnson alleges he sent certified letters on August 7, 2021 to Rausch Strum and Discover Bank demanding validation of the debt. *ECF No. 32*, *para. 21*. Johnson al-

leges he received no response to his demand and the Defendants instead sued him in state court. *ECF No. 32, para. 21*.

Based on these allegations, Johnson brought the instant action alleging the Defendants' debt collection practices violated the Fair Debt Collection Practices Act (FDCPA) and the Texas Debt Collection Act (TDCA). Johnson filed his Original Complaint on September 20, 2021. *ECF No. 1*. He then filed a First Amended Complaint on September 24, 2021 and a Second Amended Complaint on March 28, 2022. *ECF Nos. 4, 32*.

Johnson's Second Amended Complaint is the live pleading upon which the Court bases this Opinion. *ECF No. 32*. On April 12, 2022, Defendant Discover Bank filed a Motion to Dismiss for Failure to State a Claim pursuant to Federal Rule of Civil Procedure 12(b)(6), asserting Johnson's Second Amended Complaint failed to state any viable claims or allege any particular facts against Discover and should therefore be dismissed. *ECF No. 34*. For the reasons discussed herein, the Court agrees.

## LEGAL STANDARD

To provide opposing parties fair notice of the asserted cause of action and the grounds upon which it rests, every pleading must contain a short and plain statement of the cause of action which shows the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To satisfy this requirement, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555–558, 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The focus is not on whether the plaintiff will ultimately prevail, but whether that party should be permitted to present evidence to support ade-

quately asserted causes of action. *Id.*; *Twombly*, 550 U.S. at 563 n.8. Thus, to warrant dismissal under Federal Rule 12(b)(6), a complaint must, on its face, show a bar to relief or demonstrate "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Fed. R. Civ. P. 12(b)(6); *Clark v. Amoco Prod. Co.,* 794 F.2d 967, 970 (5th Cir. 1986). Dismissal "can be based either on a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Frith v. Guardian Life Ins. Co.,* 9 F. Supp.2d 734, 737–38 (S.D.Tex. 1998). "Thus, the court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) *Vander Zee v. Reno,* 73 F.3d 1365, 1368 (5th Cir. 1996).

To survive a Federal Rule 12(b)(6) motion, a plaintiff does not need to provide detailed factual allegations but must provide grounds of his entitlement to relief. This pleading requirement necessitates "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Therefore, the Court's task is to identify the elements of a cause of action and then determine whether the plaintiff pled sufficient factual allegations in support of the asserted elements to state a plausible claim, and thereby, survive a motion to dismiss. *Cicalese v. Univ. of Tex. Med Branch*, 924 F.3d 762, 766–67 (5th Cir. 2019).

In assessing a motion to dismiss under Federal Rule 12(b)(6), the Court's review is limited to the Complaint and any documents attached to the Motion to Dismiss, which are also referred to in the Complaint and central to the plaintiff's claims. *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014). When reviewing the Complaint, the "court accepts all well-pleaded facts as true, viewing them in the light most favora-

ble to the plaintiff." *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d at 324).

A Complaint should only be dismissed under Federal Rule 12(b)(6) after affording ample opportunity for the plaintiff to state a claim upon which relief can be granted, unless it is clear amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Hitt v. City of Pasadena*, 561, F.2d 606, 608–09 (5th Cir. 1977); *DeLoach v. Woodley*, 405 F.2d 496–97 (5th Cir. 1968). Consequently, when it appears a more careful or detailed drafting might overcome the deficiencies on which dismissal is sought, a court must allow a plaintiff the opportunity to amend the Complaint. *Hitt*, 561 F.2d at 608–09. A court may appropriately dismiss an action with prejudice without giving an opportunity to amend if it finds the plaintiff alleged his best case or if amendment would be futile. *Foman*, 371 U.S. at 182; *DeLoach*, 405 F.2d at 496–97.

## ANALYSIS

### 1. Fair Debt Collection Practices Act

The FDCPA prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." Nowhere in Johnson's Second Amended Complaint does he allege how Discover's collection practices were "false, deceptive, or misleading." Johnson alleges Discover violated the law by "falsely representing that [Johnson] owes $33,008.06 to anyone" and "presented no evidence whatsoever" Johnson owed the debt. *ECF No. 32, para. 48, 60*. Johnson fails to assert affirmatively that the debt sought to be collected was not owed, nor does he explain why Discover's representation of the debt was false. Johnson must provide more than a formulaic recitation of the elements of his cause of action to satisfy his pleading requirement. *See Twombly*, 550 U.S. at 555. Johnson's mere conclusory statement that Discover's representation was false is insufficient to support a cause of action un-

der the FDCPA. *Id*. Consequently, Johnson's construed cause of action under the FDCPA fails as a matter of law and must be dismissed.

### 2. Texas Debt Collection Act

Similar to the FDCPA, the TDCA prohibits debt collectors from using "false representation or deceptive means" to collect a debt or "misrepresenting the character, extent or amount of a consumer debt." Here again, Johnson's conclusory statement in the Second Amended Complaint that Discover "falsely" represented the debt is insufficient to meet the pleading requirement. Therefore, Johnson's construed cause of action under the TDCA also fails as a matter of law and must be dismissed.

## LEAVE TO AMEND

Federal Rule 15(a) provides that leave to amend pleadings "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Thus, Federal Rule 15(a) favors granting leave to amend unless a substantial reason exists, such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993); *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872 (5th Cir. 2000). Consequently, though Courts readily provide the opportunity to amend a deficient complaint before dismissing it with prejudice, such is appropriate when the plaintiff was previously provided ample opportunity to cure the deficiencies. *Foman*, 371 U.S. at 182; *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002).

This Court provided Johnson two opportunities to amend his Complaint. Based upon the two previous opportunities to amend his Complaint, Johnson has been given ample opportunity to plead his plausible causes of action in satisfaction of Federal Rule 15(a). *See Herrmann Hold-*

*ings Ltd. V. Lucent Techs. Inc.*, 302 F.3d 552, 567 (5th Cir. 2002). Consequently, this Court will not allow Johnson the opportunity to amend his Complaint a third time.

## CONCLUSION

Accepting the allegations in the Second Amended Complaint as true and construing the allegations in the light most favorable to Johnson, the Court finds the pleading fails to state a plausible cause of action because it fails to plead sufficient factual allegations to support the conclusion that Discover engaged in "false, deceptive, or misleading" debt collection practices in violation of the FDCPA and the TDCA. *See Twombly*, 550 U.S. at 555; *Cicalese*, 924 F.3d at 766–67. Specifically, the Second Amended Complaint does not allege Johnson does not owe the debt, nor does it allege how Discover's debt collection practices were unlawful. *ECF No. 34*. Discover also asserts Johnson's FDCPA claims fail as a matter of law because Discover is not a "debt collector" as defined in the FDCPA. *ECF No. 34*. However, the Court does not reach this question because the Second Amended Complaint is deficient on other grounds.

For the reasons stated, the Court GRANTS Discover's Motion to Dismiss for Failure to State a Claim. All causes of action that may be asserted related to the facts supporting this case are DISMISSED WITH PREJUDICE as to Defendant Discover.

It is so ORDERED.
SIGNED this 27th day of May, 2022.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE