UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

JOHN P. JOHNSON,

  *Plaintiff*,

v.                                        Case No.  SA-21-CV-00897-JKP

RAUSCH STURM, LLP,

  *Defendant*.

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff John P. Johnson's Motion to Amend Order and Judgment. *ECF No. 53*. This Motion is ripe for ruling. After due consideration of the Motion, briefing, record, and applicable law, the Court **DENIES** the Motion because it was mooted by the parties' settlement. The Court further **ORDERS** Rausch Sturm to return to Johnson any funds Johnson sent in an attempt to return settlement money. Pursuant to the parties' Joint Notice of Settlement (*ECF No. 50*), the Court further **ORDERS** the parties to submit a Joint Stipulation of Dismissal or an Agreed Judgment and any appropriate supporting documents by **August 22, 2022**. *See* Fed. R. Civ. P. 41.

### Factual and Procedural Background

This matter arises from a dispute between Johnson, who appears *pro se*, and parties attempting to collect a debt from him. In his Second Amended Complaint, Johnson says Defendant Rausch Strum sent him a letter, dated July 19, 2021, demanding a $33,008.56 payment for a $30,008.56 debt. *ECF No. 32*, *para. 20*. In response to the letter, Johnson alleges he sent certified letters on August 7, 2021 to Rausch Strum and Discover Bank demanding

validation of the debt. *ECF No. 32*, *para. 21*. Johnson says he received no response to his demand and the Defendants instead sued him in state court. *ECF No. 32*, *para. 21*.

Based on these allegations, Johnson brought the instant action alleging the Defendants' debt collection practices violated the Fair Debt Collection Practices Act (FDCPA) and the Texas Debt Collection Act (TDCA). Johnson filed his Original Complaint on September 20, 2021. *ECF No. 1*. He then filed a First Amended Complaint on September 24, 2021 and a Second Amended Complaint on March 28, 2022. *ECF Nos. 4, 32*. Defendant Discover Bank filed a Motion to Dismiss on April 12, 2022. *ECF No. 34*. The individually named defendants filed a Motion for Judgment on the Pleadings on May 6, 2022. *ECF No. 39*. On May 27, 2022, the Court granted Defendant Discover Bank's Motion to Dismiss for Failure to State a Claim with prejudice, terminating Discover Bank as a defendant. *ECF No. 46*. On May 31, 2022, the Court granted the individually named defendants' Motion for Judgment on the Pleadings as unopposed, terminating all individually named defendants. *ECF No. 47*. The only remaining Defendant in this case is Rausch Sturm.

On June 10, 2022, Johnson filed a Motion to Amend the Court's Order and Judgment as to the individually named defendants, saying he was not properly served with their Motion for Summary Judgment and was therefore unable to respond. *ECF No.* 48. Six days later, before Johnson's Motion was fully briefed or decided, the parties filed a joint Notice of Settlement informing the Court they reached a tentative agreement and requesting thirty days to submit a request for dismissal with prejudice. *ECF No. 50*. The Court then issued an Order directing the parties to file such paperwork within thirty days. *ECF No. 52*.

Three weeks later, Johnson filed a second Motion to Amend the Court's Order and Judgment, seeking the Court's consideration of an argument he made in state court regarding

Rausch Sturm's lack of authority to litigate this matter. *ECF No. 53*. Johnson also informed the Court he felt pressured to settle when Rausch Sturm's attorney indicated his client was prepared to file a countersuit. *ECF No. 53*. The Court directed Rausch Sturm to respond to Johnson's Motion and scheduled a status conference. *ECF No. 54, 55*. Rausch Sturm and the individually named defendants responded on July 13, 2022, asking the Court to deny Johnson's Motion because the case is settled. *ECF No. 55*. The respondents attached a copy of the signed settlement agreement and a copy of the settlement check which Johnson endorsed and deposited. *ECF No. 55-1, 55-3*.

In a July 19, 2022 status conference, the Court asked Johnson about not being served with the individual defendants' Motion for Judgment on the Pleadings. Johnson said he did not know about the Motion until he got notice of the Court's Order granting it—and when he checked his email he had no evidence it had ever been sent to him. He explained that although he has access to PACER and checks it regularly, he does not receive automatic notifications of the parties' filings. Counsel for Rausch Sturm said he could not confirm with certainty Johnson was served, as his firm has been having technical issues and he possibly was not served.

The Court then asked Johnson about the settlement agreement. Johnson confirmed he signed the settlement agreement releasing this claim with knowledge that his Motion was still outstanding. He also confirmed he was aware of his state court arguments when he signed the settlement agreement, and he knew the settlement agreement did not end the state court action. When asked why he filed a second Motion to Amend after settling the case, Johnson said he wanted the Court to consider that when he signed the settlement agreement, he was concerned Rausch Sturm would file a countersuit. He also said Rausch Sturm had attempted to serve his elderly mother in the state court action and he was afraid that would happen again. He further

discussed his state court argument about Rausch Sturm's authority to bring suit. The Court explained the state court action is separate from this matter and does not affect it.

Counsel for Rausch Sturm expressed intent to seek fees on behalf of the individual defendants. Counsel further advised the Court that Johnson attempted to return the settlement money by sending money orders to Rausch Sturm's office, and asked the Court to direct Rausch Sturm to return the money to Johnson.

### Legal Standard

Settlement moots a case, even if the parties request the court to decide the questions they presented. *Lake Coal Company, Inc. v. Roberts & Schaefer Co.*, 474 U.S. 120 (1985). "The settlement of an individual claim typically moots any issues associated with it." *United Airlines, Inc. v. McDonald*, 432 U.S. 385, 400 (1977) (Powell, J., dissenting) (citing 13 Wright, Miller, & Cooper, *Federal Practice and Procedure* § 3533, at 271 (1975)). The Fifth Circuit has determined, in general, "settlement of a dispute between two parties renders moot any case between them growing out of that dispute. A court will find mootness even if the parties remain at odds over the particular issue they are litigating." *ITT Rayonier Inc. v. United States,* 651 F.2d 343, 345 (5th Cir. 1981). When the parties notify the court of settlement, courts will find motions filed after settlement to be moot because there is no longer an active case or controversy before the court. *See, e.g. Sam v. YRC, Inc.*, 2015 WL 11120637, at *1 (S.D. Miss. Sept. 21, 2015).

### Discussion

In this case, Johnson does not dispute he signed the settlement agreement with full knowledge it would terminate this case. He also says he knew his first Motion to Amend was pending when he signed the agreement. His arguments about concerns with the state court action are best decided in state court and irrelevant to this federal action. Further, his concerns about the

possibility of his elderly mother being served are unwarranted because, unlike the state action, he is the plaintiff in this action. Finally, Rausch Sturm's indication that it was prepared to file a countersuit was not improper. Discussion of a party's litigation plans are appropriate in the context of settlement negotiations. Therefore, Johnson's suggestion he was unduly influenced by this information in his decision to settle does not affect the validity of the settlement agreement. Johnson's second Motion to Amend is moot because the parties settled. There is no longer an active case or controversy before the Court.

## Conclusion

Because Johnson signed a settlement agreement releasing this claim, the Court finds the Motion he filed after signing the settlement agreement is moot and **DENIES** it. The Court **ORDERS** Rausch Sturm to return to Johnson any funds Johnson sent in an attempt to return settlement money. Pursuant to the parties' Joint Notice of Settlement (*ECF No. 50*), the Court further **ORDERS** the parties to submit a Joint Stipulation of Dismissal or an Agreed Judgment and any appropriate supporting documents by **August 22, 2022**.

It is so ORDERED.
SIGNED this 21st day of July, 2022.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE